IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02464-WDM-KLM

MONA VIE, INC., and
MONA VIE, LLC,

    Plaintiffs,

v.

AMWAY CORP.,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Inspection of Documents** [Docket No. 20; Filed March 4, 2009] (the "Motion"). The Court has reviewed the Motion, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **DENIED**, as set forth below.

On March 2, 2009, the Court entered an Order granting in part and denying in part Plaintiffs' Motion to Quash Non-Party Subpoenas [Docket No. 19] (the "Order"). In part, the Order directed the law firm of Starrs, Mihm & Pulkrabek ("SM&P"), subject of one of the third-party subpoenas, to provide documents in its possession not covered by a Protective Order entered in separate litigation to Defendant within ten days. *See Order* [#19] at 9-10. Plaintiffs now state that they contacted counsel for SM&P in order to obtain assurances that no documents covered by the Protective Order were among the five boxes of documents that SM&P had indicated were outside the Protective Order. *Motion* [#20] at 2. Plaintiffs' counsel states that SM&P's counsel could not "*assure* that the boxes contained only non-

protected documents." *Motion* [#20] at 2 (emphasis in original).  SM&P's counsel also informed Plaintiff's counsel that the documents had already been sent to a copy center to be copied and delivered to Defendant within the ten-day deadline.  *Id.*  As such, Plaintiffs' counsel proposes that the documents be sent from the copy center to his office prior to being delivered to Defendant's counsel, so that he may review the documents and assure that no documents covered by the Protective Order are inadvertently produced.  *Id.* at 3.  He further proposes that Defendant's counsel be present while the documents are reviewed.  *Id.* at 2.

The Court is aware that Defendant opposes the Motion and has reviewed the emails between Defendant's counsel and Plaintiffs' counsel attached to the Motion.  The Court is not inclined to allow interference in its Order directing SM&P to produce documents directly to Defendant's counsel pursuant to a subpoena.  Defendant's counsel is, of course, bound by the same Order and by its ethical duties to promptly return to SM&P any documents which appear to be subject to the Protective Order and which are thus erroneously produced. *See, e.g., Employers Reinsurance Corp. v. Clarendon Nat. Ins. Company*, 213 F.R.D. 422, 430 fn. 30 (D. Kan. 2003) (noting ethical obligations of a lawyer that inadvertently receives privileged and/or confidential documents).

Accordingly, IT IS HEREBY **ORDERED** that Plaintiffs' **Motion for Inspection of Documents** [Docket No. 20; Filed March 4, 2009] is **DENIED**.

BY THE COURT:

_s/ Kristen L. Mix_____

United States Magistrate Judge

Dated:  March 5, 2009